UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | No. 6:25-cr-39-REW-HAI |
| v. | ) ) ) | ORDER |
| JAVIN SEETARAM, | ) | |
| Defendant. | | |

\*\*\* \*\*\* \*\*\* \*\*\*

After conducting Rule 11 proceedings, *see* DE 40 (Minute Entry), United States Magistrate Judge Hanly A. Ingram recommended that the undersigned accept Defendant Javin Seetaram's guilty plea and adjudge him guilty of Counts 1 and 2 and the forfeiture allegation of the Indictment (DE 5). *See* DE 41 (Recommendation); *see also* DE 38 (Plea Agreement). Judge Ingram expressly informed Seetaram of his right to object to the recommendation and secure *de novo* review from the undersigned. *See* DE 41 at 3. The established three-day objection deadline has passed, and no party has objected.

The Court is not required to "review . . . a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in his objections to the magistrate [judge]'s report and recommendation . . . he has forfeited his right to raise this issue on appeal'" (quote brackets simplified) (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996))); *United States v. Olano*, 113 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); FED. R. CRIM. P. 59(b)(2)–(3) (limiting *de novo* review duty to "any objection"

filed); 28 U.S.C. § 636(b)(1) (limiting *de novo* review duty to "those portions" of the recommendation "to which objection is made").

The Court, with no objection from any party and on full review of the record, **ORDERS** as follows:

1. The Court **ADOPTS** DE 41, **ACCEPTS** Seetaram's guilty plea, and **ADJUDGES** Seetaram guilty of Counts 1 and 2 and the forfeiture allegation of the Indictment.

2. As to forfeiture, and based on the plea agreement, the Court preliminarily orders a personal money judgment against Defendant in the stipulated amount of $25,000.00, representing proceeds of the offenses of conviction. The Government may file a motion or tender an agreed order if it seeks additional detail, or express inclusion of substitute assets, in the preliminary order. Per Rule 32.2(b)(4)(A), the preliminary order will become final, as to Defendant, at sentencing.

3. The Court will issue a separate sentencing order.[1]

This the 15th day of November, 2025.



Signed By:
*Robert E. Wier*
United States District Judge

---

[1] Judge Ingram remanded Seetaram to custody post-plea, which preserved his status following arraignment. *See* DE 40; DE 12. As such, Seetaram will remain in custody pending sentencing, subject to intervening orders.